IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

BRENDA CUTRERA                                                    PLAINTIFF

V.                                       CIVIL ACTION NO. 4:14-CV-00072-SA-JMV

CHURCHILL DOWNS, INC., and
HARLOW'S CASINO RESORT AND SPA,
d/b/a SW GAMING, LLC                                    DEFENDANTS

MEMORANDUM OPINION

Presently before the Court is Plaintiff's Stipulation of Damages [13] in which she "stipulate[s] and agree[s] that [she] will not request, demand or seek damages of more than $75,000, exclusive of costs and interests, in the above-captioned matter." Because the Court does not have jurisdiction over this case, the case is REMANDED.

*Factual and Procedural Background*

On February 24, 2014, Plaintiff Brenda Cutrera filed an action in the Circuit Court of Washington County, Mississippi, alleging both common-law negligence and negligence per se against Defendants Harlow's Casino Resort and Spa d/b/a SW Gaming, LLC ("Harlow's Casino") and Churchill Downs, Inc. ("Churchill Downs"), owner/operator of Harlow's Casino. In the Complaint [2], Plaintiff requested damages in the amount of $74,000.00 for injuries allegedly sustained when a slot machine exploded, slamming into her knees. Defendants timely filed a Notice of Removal [1] based on federal diversity jurisdiction. In response, Plaintiff filed a Motion to Remand [7], asserting that federal diversity jurisdiction is not satisfied in this matter because the amount-in-controversy does not exceed $75,000.00 as required by 28 U.S.C. § 1332(a).

*Remand Standard*

Federal courts are courts of limited jurisdiction. Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1, 665 F.2d 594, 595 (5th Cir. 1982). The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

After removal of a case, the plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added). Moreover, once a motion to remand has been filed, the removing party bears the burden to establish that federal jurisdiction exists. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). Furthermore, the Fifth Circuit has held that "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citing Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000)).

A plaintiff's claim for damages normally remains presumptively correct unless the removing defendant can show by a preponderance of the evidence that the amount in controversy actually exceeds $75,000. See Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353, 81 S. Ct. 1570, 6 L. Ed. 2d 890 (1961) (holding that the complaint establishes the amount-in-controversy, unless it

appears that "the amount stated in the complaint is not claimed in good faith").  Therefore, unless the removing party can meet its burden, a plaintiff may normally avoid federal diversity jurisdiction by pleading, in good faith, state court damages below the minimum federal jurisdictional amount.  Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995).

However, in cases where a defendant establishes by a preponderance of the evidence that the amount-in-controversy actually exceeds the jurisdictional amount, the case becomes removable, unless the plaintiff can then prove that it is legally certain that he will not be able to recover such an amount.  De Aguilar, 47 F.3d at 1412.  As such, the Fifth Circuit has established that plaintiffs "who want to prevent removal must file a binding stipulation or affidavit with their complaints."  Id.  Moreover, this Court has previously held that "when a plaintiff fails to admit or stipulate that he will not accept more than $ 75,000 in damages, a federal court may deem that failure to be sufficient proof that the amount in controversy exceeds $ 75,000 and that the federal diversity jurisdictional amount is therefore satisfied. Easley v. Lowe's Home Ctrs., Inc., 2007 WL 2127281, *2 (N.D. Miss. 2007); Holmes v. Citifinancial Mortgage Co., 436 F. Supp. 2d 829 (N.D. Miss. 2006); Fields v. Household Bank, 280 F. Supp. 2d 530, 532 (N.D. Miss. 2003); Blount v. Hardcastle, 2006 WL 278567 (N.D. Miss. Jan. 5, 2006).

*Analysis and Discussion*

It is undisputed that the first prong of federal diversity jurisdiction, complete diversity, is satisfied, as Plaintiff is a Louisiana citizen and both Defendants are Kentucky citizens for diversity purposes.  However, the parties dispute whether the second prong, minimum amount-in-controversy, is satisfied.

In Plaintiff's original Complaint, Plaintiff demanded a judgment against Defendants "in the amount of $74,000.00 that will fully, fairly and justly compensate her for her past, present and future damages, together with interest and all costs of this action." She specifically alleged damages in the amount of $74,000, and also stipulated by separately filed document that she would neither seek nor accept damages in excess of $75,000, the federal diversity jurisdictional minimum. While it is true that "the jurisdictional facts that support removal must be judged at the time of the removal, . . . post-removal affidavits may be considered in determining the amount in controversy at the time of removal . . . if the basis for jurisdiction is ambiguous at the time of removal." Gebbia v. Wal-Mart Stores, 233 F.3d 880, 883 (5th Cir. 2000); see also De Aguilar, 47 F.3d at 1412 (plaintiffs "who want to prevent removal must file a binding stipulation or affidavit with their complaints."). Accordingly, Plaintiff has limited the amount of her recovery for damages to $75,000.

*Conclusion*

This Court has no jurisdiction in a diversity case where the amount in controversy does not exceed $75,000, exclusive of interest and costs. Plaintiff has limited her ability to collect more than $75,000 for damages of any kind. Thus, the Court does not have jurisdiction and the case must be remanded. Accordingly, the case is remanded back to the Circuit Court of Washington County, Mississippi.

SO ORDERED, this the 18th day of September, 2014.

                                        **/s/ Sharion Aycock**
                                        **U.S. DISTRICT JUDGE**